UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARVIN DYKES and MARK I. HARRIS,

Plaintiffs,

v.

BNSF RAILWAY COMPANY,

Defendant.

CASE NO. C17-1549-JCC

ORDER

This matter comes before the Court on Plaintiffs' motion for protective order (Dkt. No. 11). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

## I. BACKGROUND

In May 2017, Plaintiffs were working as the conductor and locomotive engineer aboard one of Defendant BNSF Railway's trains when it derailed near Surrey, British Columbia. (Dkt. Nos. 1-2 at 2–3, 11 at 2.) Plaintiffs bring suit pursuant to the Federal Employers' Liability Act for injuries they sustained during the derailment. (Dkt. No. 1-2 at 2.)[1]

On February 7, 2018, the parties conducted their Federal Rule of Civil Procedure 26(f)

[1] Plaintiffs originally filed separate lawsuits that the Court consolidated into this action. (Dkt. No. 9) (ordering *Harris v. BNSF*, C18-0052-JCC, consolidated into this matter).

discovery conference. (Dkt. No. 11 at 2–3.) The parties subsequently exchanged initial disclosures and served written discovery requests. (*See* Dkt. Nos. 11 at 3, 11-2.) Defendant's initial disclosures listed the documents it expected to use to support its claims and defenses, but did not provide any of the identified documents. (Dkt. No. 11-2 at 2.) After serving its initial disclosures, Defendant noticed videotaped depositions for both Plaintiffs on March 27 and March 29 respectively. (Dkt. Nos. 11-3, 11-4.)[2] Plaintiffs requested that Defendant informally discover many of the documents identified in its initial disclosures prior to their depositions. (Dkt. Nos. 11, 11-5, 11-8.) Defendant refused. (*Id.*) Plaintiffs object to conducting their depositions before they have received the documents listed in Defendant's initial disclosures or responses to their discovery requests. (Dkt. No. 11 at 4–5.)

## II. DISCUSSION

Discovery motions are strongly disfavored.[3] Plaintiffs ask the Court for a protective order allowing them to obtain documents identified in Defendant's initial disclosures and responses to initial discovery requests prior to conducting videotaped depositions. (*Id*. at 1.) The district court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The party resisting discovery has the burden of demonstrating why discovery should not be allowed. *Blankenship v. Hearst Corp.*, 519 F.2d 419, 429 (9th Cir. 1975). Plaintiffs' motion requires the Court to resolve two issues: (1) whether Defendant's initial disclosures were adequate; and (2) whether Plaintiffs should have to undergo videotaped depositions before receiving any written discovery.

//

[2] When Plaintiffs' counsel told defense counsel that he was unavailable on the proposed deposition dates, defense counsel moved each deposition up by a day. (Dkt. Nos. 11-5, 11-6.)

[3] The Court notes that Plaintiff did not comply with the specific certification requirements of Local Civil Rule 26(c)(1) (requiring the date of and parties to the mandatory meet and confer). Rather than waste more time, the Court will resolve the motion on the merits.

### A. Initial Disclosures

Federal Rule of Civil Procedure 26(a) requires parties to disclose certain information without awaiting a discovery request. The rule mandates that parties provide "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party had in its possession, custody, or control and may use to support claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(ii). In their initial disclosure, parties must "describe and categorize, to the extent identified during the initial investigation, the nature and location of potentially relevant documents and records . . . ." Fed. R. Civ. P. 26 advisory committee's notes (1993 amendment). The rule does not, however, require parties to produce documents. *Id*.

Defendant's initial disclosures include a descriptive list of the documents it plans to use to support its claims or defenses. (*See* Dkt. No. 11-2 at 3) (For example: "Plaintiff's personal injury reports and statements" and "Plaintiffs' BNSF employee records, including compensation records."). In characterizing these disclosures, Plaintiffs seem to imply that Defendant is required to produce the documents upon request. (Dkt. No. 11-8 at 1) ("[A]lthough Defendant's disclosure eludes to general categories of documents, absolutely nothing has been produced to date leaving Plaintiffs without any documents, photographs and the like pertaining to the May 14, 2017 incident . . . .") The Federal Rules, as noted above, do not require Defendant to disclose the documents. In cases where "only a description is provided, the other parties are expected to obtain documents desired by proceeding under Rule 34 or through informal requests." Fed. R. Civ. P. 26 advisory committee's notes (1993 amendment).

The Court finds that Defendant has complied with its initial disclosure requirements—albeit, to the very minimum extent required by Rule 26(a). While the Court understands Plaintiffs' frustration with Defendant's refusal to informally produce documents, the proper remedy is to propound discovery requests, not to issue a protective order that would effectively

require amended disclosures.[4]

**B. Timing of Depositions**

Although Defendant's initial disclosures were adequate under Rule 26(a), the Court must still decide whether it is appropriate to allow videotaped depositions of the Plaintiffs prior to their receipt of any written discovery. Parties cannot seek formal discovery, including depositions, until after they have conducted a Rule 26(f) conference. *See* Fed. R. Civ. P. 26(d)(1). Parties generally choose the sequence of discovery, unless "the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice." Fed. R. Civ. P. 26(d)(3).

Defendant's deposition notices comply with the Federal Rules of Civil Procedure. Defendant waited to notice the depositions until after the parties conducted their Rule 26(f) conference. (Dkt. No. 11 at 2–3.) The notices were reasonable in that they were issued 30 days prior to the depositions, and listed the time and place they would occur. (Dkt. Nos. 11-3, 11-3) (*see* Fed. R. Civ. P. 30(b)(1)). Nor was Defendant required to seek leave of the Court before noticing the depositions. *See* Fed. R. Civ. P. 30(a)(1).

Notwithstanding Defendant's compliance with the Federal Rules, Plaintiffs' assert that it is both oppressive and unduly burdensome for them to conduct their depositions without having received discovery. (Dkt. No. 13 at 5.) The Court disagrees. Plaintiffs have not articulated a compelling reason for needing discovery prior to their depositions. Besides citing their general need to prepare for the depositions, Plaintiffs mention their right to have access to their previously made written statements in Defendant's possession. (Dkt. Nos. 13 at 4, 11 at 6.) But the Federal Rules require that such disclosure be made prior to trial, not depositions. *See* Fed R. Civ. P. 26(b)(3)(C); *see also*, *Smith v. Cent. Linen Serv. Co.*, 39 F.R.D. 15, 18 (D. Md. 1966) (holding that a party is not entitled to a copy of his prior written statement until after he is

---

[4] That is exactly what Plaintiffs did after Defendant refused to discover the documents informally. Defendant's responses to Plaintiffs' discovery requests are due April 9, 2018.

deposed).

What Plaintiffs are really asking the Court to do is prioritize their request for written discovery over Defendant's request for depositions. The Federal Rules, however, specifically prohibit this kind of tit-for-tat discovery. Fed. R. Civ. P. 26(d)(2)(B) ("discovery by one party does not require any other party to delay its discovery."); *see also*, *Segal v. Amazon.com, Inc.*, No. C11-0227-RSL, slip op. at 1 (W.D. Wash. Mar. 7, 2011) (denying plaintiff's request to postpone his deposition until after it had conducted a deposition of defendant). The Court's position might be different if this were a situation in which Plaintiffs had not received written discovery prior to deposing Defendant or its employees.[5] On this record, however, the Court cannot conclude that it would be in the interests of justice to delay Defendant's properly noticed depositions just because Plaintiffs want written discovery first. Plaintiffs have not met their burden to demonstrate that a protective order is warranted.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for protective order (Dkt. No. 11) is DENIED. Plaintiffs are ORDERED to attend their depositions scheduled for March 26 and March 28, 2018. The parties are further ORDERED to meet and confer to resolve future discovery disputes.

DATED this 23rd day of March 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

[5] Plaintiffs draw a similar analogy when suggesting it would be unfair to allow a 30(b)(6) deposition before discovery is conducted. (Dkt. No 13 at 5.) The situation of a corporation's speaking agent, however, is quite different than this case where the Plaintiffs were witnesses to the incident, are familiar with the injuries they sustained and can therefore testify to the most relevant issues based on their own personal knowledge.