THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARVIN DYKES and MARK I. HARRIS,

    Plaintiffs,

v.

BNSF RAILWAY COMPANY,

    Defendant.

CASE NO. C17-1549-JCC

ORDER

This matter comes before the Court on Defendant's motion for leave to file a third-party complaint (Dkt. No. 22) and motion to amend certain case deadlines (Dkt. No. 23). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS both motions (Dkt. Nos. 22, 23) for the reasons explained herein.

## I.    BACKGROUND

In May 2017, Plaintiffs were working as the conductor and locomotive engineer aboard one of Defendant BNSF Railway's ("BNSF") trains when it derailed near Surrey, British Columbia. (Dkt. Nos. 1-2 at 2–3, 11 at 2.) Plaintiffs bring suit pursuant to the Federal

Employers' Liability Act for injuries they sustained during the derailment. (Dkt. No. 1-2 at 2.)[1]

BNSF filed this motion seeking leave to file a third-party claim against Canadian National Railway Company ("CN"). (Dkt. No. 22.) BNSF alleges that CN owns and maintains the tracks where the derailment occurred, and is therefore contractually obligated to indemnify BNSF for any liability it may assume as a result of Plaintiffs' injuries. (Dkt. No. 22-1) (proposed third-party complaint). Plaintiffs do not oppose BNSF's motion.[2] (*See* Dkt. No. 27.)

BNSF filed a separate motion seeking to extend the general discovery deadline to November 2, 2018, and extend the specific deadline for deposing medical providers and expert witnesses to December 14, 2018. (Dkt. No. 23.) Plaintiffs do not oppose this motion. (*See* Dkt. No. 28.)

## II. DISCUSSION

### A. Motion to File Third-Party Complaint

Federal Rule of Civil Procedure 14(a) allows a defendant to serve a third-party complaint "on a non-party who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). A claim brought under Rule 14 is only proper when "the third party's liability is in some way dependent on the outcome of the main claim and the third party's liability is secondary or derivative." *United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir. 1983). "The decision to allow a third-party defendant to be impleaded under rule 14 is entrusted to the sound discretion of the trial court."[3] *Id*.

---

[1] Plaintiffs originally filed separate lawsuits that the Court consolidated into this action. (Dkt. No. 9) (ordering *Harris v. BNSF*, C18-0052-JCC, consolidated into this matter).

[2] Plaintiffs appear to condition their non-opposition on BNSF's representation and belief that joinder of CN will not result in a delay of the trial date currently scheduled for January 28, 2019. (*See* Dkt. No. 27.) At this juncture, it is impossible for the Court or the parties to know with certainty whether the joinder of CN will cause a trial continuance.

[3] The Court previously extended the deadline for filing third-party claims based on the parties' stipulation that BNSF was investigating whether to file such a claim. (Dkt. No. 19.) BNSF filed its motion within that deadline.

Here, BNSF wishes to assert third-party claims against CN for defense, indemnification, and contribution related to Plaintiffs' claims. (*See* Dkt. No. 22-1.) BNSF asserts that Plaintiffs were injured while traveling on tracks owned and maintained by CN. (*Id*. at 2.) BNSF directs the Court to a contract between it and CN, which purportedly makes CN liable to indemnify BNSF for third-party claims brought against it for the type of derailment that allegedly occurred in this case. (Dkt. No. 22-4 at 8.) Under the agreement, once BNSF gives CN notice that it is seeking indemnification, CN must either provide BNSF with a defense or pay BNSF's ongoing defense costs. (*Id*.)

Based on the agreement between BNSF and CN, CN could potentially be liable to BNSF for contribution and defense costs if BNSF were found liable to Plaintiffs. *See Fed. Deposit Ins. Corp. v. Loube*, 134 F.R.D. 270, 272 (N.D. Cal. 1991) ("It need not be shown that the third party defendant is automatically liable if the defendant loses the underlying lawsuit. It is sufficient if there is some possible scenario under which the third party defendant may be liable for some or all of the defendant's liability to plaintiff.") Therefore, BNSF's proposed third-party complaint against CN asserts a form of derivative liability that is appropriate for Rule 14 impleader. *See Stewart v. Am. Int'l Oil & Gas Co.*, 845 F.2d 196, 200 (9th Cir. 1988) ("The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff.")

The Court further finds that allowing BNSF's third-party complaint will neither prejudice Plaintiffs (they do not oppose the motion), nor complicate the issues for trial (the third-party claims are factually related to Plaintiffs' claims). *See Irwin v. Mascott*, 94 F. Supp. 2d 1052, 1056 (N.D. Cal. 2000) (discussing relevant considerations when deciding whether to grant leave to implead a third-party defendant). While the third-party claim may lead to a delay in the currently scheduled trial, that possibility does not outweigh the importance of avoiding duplicative litigation. *See Loube*, 134 F.R.D. at 272 (Rule 14 should be applied liberally to avoid "multiplicity of litigation.")

Therefore, BNSF's motion for leave to file a third-party complaint against CN (Dkt. No. 23) is GRANTED.

### B. Motion to Extend Discovery Deadlines

BNSF requests that the general discovery deadline be extended to November 2, 2018, and that the deadline for deposing medical providers and expert witnesses be extended to December 14, 2018. (Dkt. No. 23.) Plaintiffs do not oppose the proposed extensions.

BNSF represents that the extensions are needed in order to allow the parties to conclude discovery and disclose their respective experts. The Court finds good cause to extend the requested deadlines. Therefore, Plaintiffs' unopposed motion to amend certain case deadlines (Dkt. No. 23) is GRANTED.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion to file a third-party complaint (Dkt. No. 22) and motion to amend certain case deadlines (Dkt. No. 23) are GRANTED. Defendant shall file and serve its third-party complaint (Dkt. No. 22-1) within five (5) days from the issuance of this order. The Court further ORDERS that the general discovery deadline is extended to November 2, 2018, and that the parties shall take depositions of medical providers and expert witnesses no later than December 14, 2018.

DATED this 2nd day of October 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE