THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARVIN DYKES and MARK HARRIS, | CASE NO. C17-1549-JCC |
| Plaintiffs, | MINUTE ORDER |
| v. | |
| BNSF RAILWAY COMPANY, | |
| Defendant/Third Party-Plaintiff | |
| v. | |
| CANADIAN NATIONAL RAILWAY COMPANY, | |
| Third-Party Defendant. | |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court on Defendant BNSF Railway Company's ("BNSF") motion to extend deadlines for expert depositions and for leave to take 13 depositions (Dkt. No. 59) and motion to compel expert depositions (Dkt. No. 71), and Plaintiffs' motion to continue trial (Dkt. No. 64). Having considered the parties' briefing and the relevant record, the Court ORDERS as follows:

- BNSF's motion to extend the deadline for expert depositions (Dkt. No. 59) is GRANTED. There is good cause to extend the deadline for BNSF to take the

MINUTE ORDER
C17-1549-JCC
PAGE - 1

depositions of Plaintiffs' expert and treating doctors. *See* Fed. R. Civ. P. 6(b)(1)(A). BNSF is granted leave to take the depositions of Plaintiffs' treating doctors until such time as the Court establishes a new case management schedule.

- BNSF's motion for leave to take 13 depositions (Dkt. No. 59) is GRANTED. Given that there are multiple plaintiffs in this action who have received medical treatment from numerous providers as a result of their alleged injuries, BNSF has made a particularized showing of need for conducting more than 10 depositions. *See* Fed. R. Civ. P. 30(a)(2)(A). BNSF is granted leave to take a total of 13 depositions.

- Plaintiffs' motion to continue trial (Dkt. No. 64) is GRANTED. There is good cause to continue trial based on Plaintiff Mark Harris' recent surgery, which could influence the amount of damages he seeks at trial. *See* Fed. R. Civ. P. 16(b)(4). A trial continuance is not the result of a lack of diligence by Plaintiffs, is needed in light of Plaintiff Harris' surgery, and would not cause undue inconvenience or hardship to the parties, witnesses, or the Court. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The Clerk is DIRECTED to terminate the current trial date and all pending case management dates as listed in the Court's original scheduling order (Dkt. No. 10). The Clerk is DIRECTED to schedule a status conference for Tuesday, January 8, 2019 at 9:00 a.m., at which time the Court shall establish a new trial date and amended scheduling order. At the status conference, the parties shall be prepared to jointly propose a new trial date and case management deadlines.

- BNSF's motion to compel expert depositions (Dkt. No. 71) is DENIED as moot in light of the Court's order. *See supra.*

The Court has grown weary of the parties' inability to informally resolve simple

discovery and case management issues.[1] If the parties continue to file motions on discovery and scheduling issues that are the product of their failure to reasonably negotiate and resolve such matters, the Court will impose *heavy sanctions*. The parties are again ORDERED to meet and confer to resolve all discovery and scheduling issues.

DATED this 20th day of December 2018.

William M. McCool  
Clerk of Court

s/Tomas Hernandez  
Deputy Clerk

---

[1] The Court's admonishment is not directed at Third-Party Defendant Canadian National Railway Co.